IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TROY WOODRUFF,

    Petitioner,

v.                                                     No. 14-1054

UNITED STATES OF AMERICA,

    Respondent.

_____

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
_____

*INTRODUCTION*

    Before the Court is the *pro se* 28 U.S.C. § 2255 motion of the Petitioner, Troy Woodruff, to vacate, set aside or correct his sentence (the "Petition"). (D.E. 1.) Woodruff, Bureau of Prisons register number 23927-076, is an inmate at the Federal Correctional Institution – Medium in Forrest City, Arkansas. For the reasons articulated herein, the Petition is DENIED.

*PROCEDURAL HISTORY*

    On May 17, 2010, a federal grand jury, in Case No. 1:10-10052-JDB, returned a one-count indictment against Petitioner, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On May 26, 2010, CJA attorney Bob C. Hooper of Brownsville, Tennessee, was appointed to represent him. Woodruff pleaded guilty on December 6, 2010, and, on February 14, 2012, was sentenced to 120 months incarceration. He filed a notice of appeal on February 22, 2012. The sentence was affirmed by the Sixth Circuit Court of Appeals. *See*

*United States v. Woodruff*, 735 F.3d 445 (6th Cir. 2013), *reh'g & reh'g en banc denied* (Dec. 4, 2013).

*RELEVANT BACKGROUND*

According to the presentence report (the "PSR"), the base offense level under § 2K2.1(a)(2) of the United States Sentencing Commission Guidelines ("U.S.S.G." or the "Guidelines") was calculated to be twenty-four "because the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (Aggravated Burglary; Facilitation of Sale of Schedule II)." (PSR at 5.) Pursuant to § 2K2.1(b)(6), the offense was increased by four levels "because the defendant used or possessed a firearm in connection with another felony offense (Aggravated Assault)." (*Id.* at 6.) Hooper did not object to the calculation and at the sentencing hearing asked the Court to impose a sentence accordingly.

The PSR further recommended application of U.S.S.G. § 4B1.4 upon a determination that Woodruff qualified as an armed career criminal under 18 U.S.C. § 924(e). The enhancement recommendation was based on Petitioner's violent felony convictions for escape, evading arrest with a motor vehicle and aggravated burglary. During a protracted sentencing hearing, there was some discussion about the nature of the escape conviction. Hooper submitted to the Court the affidavit of an eyewitness to the incident, who stated therein that Woodruff absconded from an unsecured courtroom in the Gibson County, Tennessee, courthouse. Specifically, Petitioner asked to go to the restroom and did not return. Counsel argued that, under those circumstances, the escape did not constitute a violent felony for purposes of the Armed Career Criminal Act. The Court concluded that the conviction would not be considered as a qualified predicate offense for armed career criminal purposes.

At sentencing, the Court assigned Woodruff to a base offense level of twenty-four, to which were added four levels under U.S.S.G. § 2K2.1(b)(6), reduced by three levels for acceptance of responsibility, for a total offense level of twenty-five. Petitioner's fifteen criminal history points placed him in a criminal history category of VI, giving him an advisory guideline range of 110 to 137 months. The statutory maximum sentence was 120 months. After considering the 18 U.S.C. § 3553(a) sentencing factors as they applied to Woodruff, the Court imposed a sentence at the statutory maximum.

## *THE PETITION*

In his Petition, Woodruff seeks relief based on the following:

1. Counsel was ineffective based on his failure to object to the Court's classification of his Tennessee conviction for "facilitation" as a controlled-substance offense;

2. The Court's misapplication of Woodruff's facilitation conviction resulted in a miscarriage of justice;

3. Counsel's failure to object to the calculation of Petitioner's criminal history score amounted to ineffective assistance;

4. An intervening change in law warrants resentencing; and

5. Post-conviction conduct should be considered on resentencing.

The Petition also sought appointment of counsel.

## *LEGAL STANDARD*

Section 2255(a) provides that

> [a] prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The statute does not "encompass all claimed errors in conviction and sentencing." *United States v. Addonizio,* 442 U.S. 178, 185 (1979); *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012). Rather, a petitioner must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Shaw v. United States*, 604 F. App'x 473, 476 (6th Cir.) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)), *cert. denied,* 135 S. Ct. 2914 (2015).

## *ANALYSIS OF PETITIONER'S CLAIMS*

Claims 1 Through 3.

These claims are properly analyzed as ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). Such claims, upon the necessary showing, warrant § 2255 relief. *See Evans v. United States,* Case Nos. 1:09-CR-98-HSM-CCS, 1:13-CV-82-HSM, 2016 WL 1180195, at *1 (E.D. Tenn. Mar. 24, 2016). "A defendant facing the possibility of incarceration has a Sixth Amendment right to counsel at all 'critical stages' of the criminal process, and a sentencing hearing is one type of 'critical stage' at which the right to counsel attaches." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Benitez v. United States*, 521 F.3d 625, 630 (6th Cir. 2008)).

In order to prevail on an ineffective assistance claim, a petitioner must demonstrate that "defense counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment and that defense counsel's deficient performance caused prejudice." *Winborn v. United States*, 602 F. App'x 298, 300 (6th Cir. 2015) (citing *Strickland*, 466 U.S. at 687) (some internal quotation marks omitted). "Unless the petitioner demonstrates both deficient performance and prejudice, it cannot be said that the

4

conviction or sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Goward v. United States*, 569 F. App'x 408, 412 (6th Cir. 2014) (internal alterations & quotation marks omitted).

"Deficient performance means that counsel's representation fell below an objective standard of reasonableness." *Moreland v. Robinson,* 813 F.3d 315, 328 (6th Cir.) (quoting *Nichols v. Heidle*, 725 F.3d 516, 539 (6th Cir. 2013)) (internal quotation marks omitted), *pet. for cert. docketed,* (U.S. Apr. 12, 2016) (No. 15-8902). There is a "strong presumption that counsel's representation was within the wide range of reasonable, professional assistance." *Smith v. Jenkins*, 609 F. App'x 285, 292 (6th Cir. 2015) (internal quotation marks omitted). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotation marks omitted). A petitioner claiming ineffective assistance of counsel faces a heavy burden. *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006).

Petitioner's claims focus on his attorney's failure to object to the classification of his facilitation conviction and the calculation of his criminal history score. These assertions will be addressed seriatim.

Failure to Object to Classification of Facilitation Conviction

According to the PSR, Woodruff's base offense level was set at twenty-four because he had two prior felony convictions of either a crime of violence or a controlled substance offense. In preparing the report, the probation officer determined that Petitioner's felony conviction for facilitation of sale of a Schedule II controlled substance constituted a controlled substance offense. This determination was not challenged at the sentencing hearing and was accepted by the Court.

The Guidelines provide for the application of a base offense level of twenty-four "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). A controlled substance offense is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Such an offense includes the offenses of "aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* at cmt. n.1. Woodruff's conviction for facilitation was under Tennessee law, which provides that "[a] person is criminally responsible for the facilitation of a felony, if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility . . ., the person knowingly furnishes substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403(a). The statute "applies to a person who facilitates criminal conduct of another by knowingly furnishing substantial assistance to the perpetrator of a felony, but who lacks the intent to promote or assist in, or benefit from, the felony's commission." *Id.* cmt.

On direct appeal, Woodruff argued that the district court's categorization of facilitation as a controlled substance offense was improper. *See Woodruff*, 735 F.3d at 448. The Sixth Circuit agreed. *Id.* at 449-50. However, the court stated:

> Despite our conclusion that facilitation in Tennessee is not a controlled-substance offense, the district court's error was not plain. Plain error can occur at the time of a district court's decision and at the time of appellate review. *Henderson v. United States*, [], 133 S. Ct. 1121, 1124-25[] (2013) (holding that error is "plain" under Fed. R. Crim. P. 52(b) if it is plain as of the time of appellate review). At the time of the district court's decision, the law in this circuit consisted of the unpublished case *United States v. Wicks*, No. 95-5478, 1997 WL 259375, at *3 (6th Cir. May 15, 1997) (holding that this question does

not have a "clear or obvious" answer and affirming the district court judgment on plain-error review). There was thus no controlling law before the district court. Moreover, "[*United States v.*] *Dolt*[, 27 F.3d 235 (6th Cir. 1994)] and [*United States v.*] *Loranzo*[, 944 F.2d 73 (2d Cir. 1991)] illustrate the highly technical nature" of the analysis required to reach the correct result. [*Wicks*, 1997 WL 259375, at *3.] In addition, an application note to the Guidelines makes the result that we have reached even less obvious. Added in 1997, it states that "[u]sing a communications facility in committing, causing, or facilitating a drug offense (21 U.S.C. § 843(b)) is a 'controlled substance offense' if the offense of conviction established that the underlying offense (the offense committed, caused, or facilitated) was a 'controlled substance offense.'" U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1 (1998). Section 843(b) prohibits a person from "knowingly or intentionally . . . us[ing] any communication facility in committing or in causing or facilitating the commission of any act or acts constituting [certain felonies]." 21 U.S.C. § 843(b). The presence of the word "facilitating" in the definition of this federal offense could possibly lead a court to conclude that facilitation under Tennessee law is also a controlled-substance offense.

However, facilitation has different meanings in these two contexts. As discussed above, facilitation under Tennessee law is distinct from aiding and abetting because a defendant convicted of facilitation lacks "the intent to promote or assist in, or benefit from, the felony's commission." Tenn. Code Ann. § 39-11-403 cmt. By contrast, the Supreme Court has explained that "facilitate" as used in § 843(b) has a meaning equivalent to "aid and abet," relying upon the Black's Law Dictionary definition of "facilitation" as "[t]he act or an instance of aiding or helping; . . . the act of making it easier for another person to commit a crime." *Abuelhawa v. United States*, 556 U.S. 816, 821[] (2009) (alterations in original). An individual who aids or abets must "wish[ ] to bring about [the crime and] seek by his action to make it succeed." *Rattigan v. United States*, 151 F.3d 551, 557-58 (6th Cir. 1998) (quoting *United States v. Morrow*, 977 F.2d 222, 230 (6th Cir. 1992) (en banc)). Because a conviction under § 843(b) requires proof of a different state of mind than a conviction for facilitation in Tennessee, the former qualifies as a controlled-substance offense while the latter does not. The analysis required to reach this conclusion, however, is nuanced and cannot fairly be described as obvious or clear. Therefore, the district court's error was not plain when made.

Nor was the district court's error plain at the time of appellate review. Error is "plain" within the meaning of Federal Rule of Criminal Procedure 52(b) if the error is plain at the time of appellate review. *Henderson*, 133 S. Ct. at 1124-25 (2013). "[A]n appellate court must apply the law in effect at the time it renders its decision." *Id.* at 1129 (internal citations omitted); *United States v. Schooner Peggy*, 5 U.S. 103[] (1801) ("[I]f subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied."). Here, there was no intervening change of law between the time of Woodruff's sentence

> and the time of appellate review governing whether facilitation under Tennessee law is a controlled-substance offense. *Cf. Henderson*, 133 S. Ct. at 1125 (finding an intervening change of law between defendant's sentence and time of appellate review created plain error as of the later time). Where there has been no intervening change of law, the principle of *Henderson* and *Schooner Peggy* does not permit us to fashion a new rule and then apply it to determine whether the district court's error was plain. If it were otherwise, we would conduct *de novo* review, not plain error review.
>
> We conclude that the district court did err in its conclusion that facilitation under Tennessee law is a controlled-substance offense because, in light of our definitive holding, it is not. Its error was not plain, however, because the state of the law was both uncertain and not obvious at the time of its decision and at the time of appellate review.

*Woodruff*, 735 F.3d at 450-51.

The Sixth Circuit has recognized that "counsel is not ineffective for failing to predict the development of the law." *Thompson v. Warden*, 598 F.3d 281, 288 (6th Cir. 2010) (citing *Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001)). This is true where the law is unclear at the time of the representation and counsel should not have reasonably anticipated the courts' later resolution of the issue. *See Lott*, 261 F.3d at 608-09; *see also Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) ("nonegregious errors such as failure to perceive or anticipate a change in the law . . . generally cannot be considered ineffective assistance of counsel."). Conversely, "counsel's failure to raise an issue whose resolution is *clearly foreshadowed* by existing decisions might constitute ineffective assistance of counsel." *Thompson*, 598 F.3d at 288 (emphasis added).

"Only in a rare case will a court find ineffective assistance of counsel based upon a trial attorney's failure to make an objection that would have been overruled under the then-prevailing law." *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999); *see also Baker v. Voorhies*, 392 F. App'x 393, 400 (6th Cir. 2010) (noting that the exception where subsequent development in the law was clearly foreshadowed by existing decisions is a narrow one). In *Lucas*, the post-

sentencing decisions clarifying the law on the issue which was the subject of the habeas petition described the law prior to his sentencing as being in a "curious state." *Lucas,* 179 F.3d at 420.

Here, the appellate court discussed at some length the dearth of clear caselaw governing the classification of a facilitation offense in Tennessee, noting that the only case on point was unpublished, that there was no controlling law before the district court, that the proper analysis necessary to reach the correct result was "highly technical" and "nuanced," and that the state of the law was neither obvious nor certain. Under these circumstances, it can hardly be said that the solution to the question of whether facilitation under Tennessee law constituted a controlled-substance offense was plainly foreshadowed by existing decisions. As *Strickland* itself instructs, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 468 U.S. at 689; *see also Hicks v. United States*, 122 F. App'x 253, 258 (6th Cir. 2005) ("counsel's performance should not be reviewed with hindsight, but judged within the context of the circumstances at the time of the alleged errors"). Even if an outcome resulting in a longer sentence for the Petitioner constituted prejudice, absent a showing that Hooper's representation was deficient, an ineffective assistance of counsel claim cannot survive. Woodruff's claims arising from the Court's classification of the facilitation conviction are DISMISSED.

<u>Failure to Object to Calculation of Criminal History Score</u>

The Petitioner argues that his attorney's failure to object to the addition of points to his criminal history calculation based on convictions for theft of property over $500 and facilitation constituted ineffective assistance of counsel. These claims also fail.

### *Theft of Property Conviction*

In calculating Woodruff's criminal history score, the probation officer assigned two points for a theft of property under $500 conviction he received in Memphis, Tennessee, in July 2002 for which he was sentenced to sixty days in jail. Petitioner maintains that, because he was actually incarcerated for only thirty days, counsel's failure to object to imposition of the extra points amounted to ineffective assistance.

The Guidelines provide for a two-point increase in a defendant's criminal history score "for each prior sentence of imprisonment of at least sixty days[.]" U.S.S.G. § 4A1.1(b). The term "sentence of imprisonment" is defined under the Guidelines as "a sentence of incarceration and refers to the maximum sentence imposed." U.S.S.G. § 4A1.2(b)(1). That is, in the case of a determinate sentence of sixty days, the stated maximum is sixty days. *See* U.S.S.G. § 4A1.2 cmt. 2 ("For the purposes of applying § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum (*e.g.*, in the case of a determinate sentence of five years, the stated maximum is five years[.]"). In order to meet this definition, "the defendant must actually have served a period of imprisonment on [that] sentence." *Id.* The comment clarifies that "criminal history points are based on the sentence pronounced, not the length of time actually served." *Id.*

However, "[i]f part of a sentence of imprisonment is suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." U.S.S.G. § 4A1.2(b)(2). A 'suspended sentence' pursuant to this subsection "refers to the authority of a court to suspend a sentence, not a government agency." *See United States v. Brothers*, 209 F. App'x 460, 463 (6th Cir. 2006) (emphasis omitted).

It is undisputed that the sentence imposed upon Woodruff for theft was sixty days. While Petitioner did not serve that much time, there is no indication in the record, nor has he claimed,

that the state's failure to imprison him beyond thirty days was the result of a *court-mandated* suspended sentence. Because there is nothing in the record to suggest the application of criminal history points for this conviction was in error, counsel's failure to object to the calculation could not constitute ineffective assistance.

*Facilitation Conviction*

Petitioner also takes issue with his attorney's failure to object to the addition of three criminal history points based on his facilitation conviction. According to a copy of the judgment provided by Woodruff, he was sentenced to three years of incarceration with supervised probation. He also received pretrial jail credit for serving 184 days. He insists that, because he served 184 days rather than three years, the allocation of points was unjustified.

U.S.S.G. § 4A1.1(a) provides for the addition of three points for "each prior sentence of imprisonment exceeding one year and one month." As noted in the preceding paragraphs, "sentence of imprisonment" refers to the maximum sentence imposed. *See* U.S.S.G. § 4A1.2(b)(1). The three-year sentence imposed in this case clearly exceeded one year and one month. However, Woodruff submits, and the PSR indicates, that he received a suspended sentence. Thus, the "sentence of imprisonment" for purposes of the criminal history calculation is subject to the exception set forth in U.S.S.G. § 4A1.2(b)(2). The portion of Petitioner's sentence not suspended was 184 days.

Even if Woodruff is correct in this assertion, his claim lacks merit. As noted in the previous section of the Guidelines, under U.S.S.G. § 4A1.1(b), a two-point increase in a defendant's criminal history score is added "for each prior sentence of imprisonment of at least sixty days[.]" Petitioner's sentence for facilitation would easily fall into this category, setting his total number of criminal history points at fourteen rather than fifteen. Because his placement

into the criminal history category of VI required criminal history points numbering thirteen or more, any miscalculation would have landed him in the same category and, thus, would not have affected his sentence. Consequently, any failure on Hooper's part to object to the calculation was not prejudicial and, therefore, not ineffective assistance of counsel. *See United States v. Pomales*, 268 F. App'x 419, 423 (6th Cir. 2008) (per curiam) (where the criminal history point reduction for which petitioner claimed his attorney should have argued would not have changed his advisory sentencing range, prejudice prong could not be established); *Napier v. United States,* 6:12-cv-07213-GFVT-EBA, 2015 WL 8481858, at *3 (E.D. Ky., Dec. 9, 2015) (counsel's failure to object to criminal history point was not ineffective assistance of counsel where objection would not have changed the court's ultimate calculation of appropriate criminal history category); *see also Strickland*, 466 U.S. at 694 (to show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Petitioner's claim associated with the calculation of criminal history points with respect to the facilitation conviction is DENIED.

Claim 4.

In Claim 4, Woodruff seeks resentencing. To the extent, if any, that this claim extends beyond ineffective assistance of counsel, for which, as articulated above, he is not entitled to relief in this case, the Court notes that a defendant may obtain sentencing relief where he was "sentenced to a term of imprisonment based on a sentencing range that was subsequently . . . lowered by the Sentencing Commission," upon consideration by the court of certain factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(2). By its terms, this provision "applies only to a limited class of prisoners." *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). Woodruff has not asserted that he seeks relief under § 3582(c)(2) or that a Guideline under which he was

sentenced has been lowered by the Sentencing Commission. Thus, he has made no showing that he is a member of that limited class of prisoners to which the statute applies.

Claim 5.

Finally, Woodruff requests resentencing with the Court's consideration of his post-conviction conduct. For the reasons set forth herein, the Court has found no basis for resentencing. While Petitioner's activities are to be applauded, post-conviction conduct does not provide grounds for relief under § 2255. *Lebron v. United States*, Civ. No. 12-2925 (JBS), 2013 WL 132675, at *6 (D.N.J. Jan. 9, 2013); *United States v. Ford*, Nos. 5:10-CR-72-KSF, 5:11-CV-7181-KSF, 2011 WL 5508842, at *2 (E.D. Ky. Nov. 9, 2011); *Mullen v. United States*, Civ. No. CCB-10-1879, 2011 WL 3819797, at *2 (D. Md. Aug. 25, 2011).

Appointment of Counsel.

"The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). The appointment of counsel is mandatory only when an evidentiary hearing is required. *See* Rule 8(c), Rules Governing § 2255 Proceedings for the United States Dist. Cts. ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.). "Having decided that the files and records in this case conclusively show that [Petitioner] is not entitled to relief under 28 U.S.C. § 2255, the Court, in its discretion, further determines that neither the interests of justice nor due process requires the appointment of counsel." *Logan v. United States,* File No. 1:15-cv-889, 2016 WL 96179, at *4 (W.D. Mich. Jan. 8, 2016).

## CONCLUSION

Because the issues presented by Woodruff are meritless, they are DISMISSED. The Clerk of Court is DIRECTED to enter judgment for the United States.

## APPEAL ISSUES

Twenty-eight U.S.C. § 2253 requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must also indicate "which specific issue or issues satisfy" the required showing. 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). A COA does not require a showing that the appeal will be successful. *Id.* at 337. Courts, however, should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (per curiam).

In this case, for the reasons previously stated, the issues raised by the Petitioner lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must

obtain pauper status pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Id.* at 952. The Rule provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, the Rule also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons it denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Petitioner files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

IT IS SO ORDERED this 18th day of April 2016.

                                                 s/ J. DANIEL BREEN
                                                 CHIEF UNITED STATES DISTRICT JUDGE